1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KAREEM J. HOWELL,                        No.  2:21-cv-0997-CKD P

12                    Plaintiff,

13           v.                                ORDER

14    K. JOHNSON, et al.,

15                    Defendants.

16

17          Plaintiff is a state inmate proceeding pro se in this civil rights action filed pursuant to 42

18    U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19    U.S.C. § 636(b)(1).

20          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                              1

1    I.      Screening Standard

2            The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

7            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9    Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

10   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

11   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

12   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13   Cir. 1989); Franklin, 745 F.2d at 1227.

14           In order to avoid dismissal for failure to state a claim a complaint must contain more than

15   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16   of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

19   upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A

20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21   the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

22   at 678. When considering whether a complaint states a claim upon which relief can be granted,

23   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

24   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25   U.S. 232, 236 (1974).

26   II.     Allegations in the Complaint

27           At all times relevant to the allegations in the complaint, plaintiff was a prisoner at the

28   California Medical Facility ("CMF"). Plaintiff names six correctional officers and one

2

psychiatric technician as defendants in this action. Between May 30, 2021 and June 1, 2021, defendant K. Johnson denied plaintiff food, water in his cell, his medication, and any incoming legal mail in retaliation for plaintiff's prior lawsuits and complaints against prison staff. Defendant Gough was the correctional officer responsible for turning off the water to plaintiff's cell and defendants Davis and Clark denied plaintiff his meal trays on May 31, 2021. Defendant Denbero refused to turn the water back on in plaintiff's cell because plaintiff had filed lawsuits against Denbero's co-workers. Plaintiff also alleges that his inmate grievance forms were removed from the appeals box by defendant Perez in order to prevent him from filing more lawsuits. Defendant Gough threatened to bring his Glock into plaintiff's cell and blow his head off. On a separate occasion, defendant Davis threatened to bring his gun into plaintiff's cell and "pop one off." ECF No. 1 at 6. By way of relief, plaintiff seeks compensatory and punitive damages as well as injunctive relief.

### III.   Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

#### A.  Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B.  Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their

3

1    subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)

2    ("In a § 1983 suit ... the term "supervisory liability" is a misnomer.  Absent vicarious liability,

3    each Government official, his or her title notwithstanding is only liable for his or her own

4    misconduct.").  When the named defendant holds a supervisory position, the causal link between

5    the defendant and the claimed constitutional violation must be specifically alleged; that is, a

6    plaintiff must allege some facts indicating that the defendant either personally participated in or

7    directed the alleged deprivation of constitutional rights or knew of the violations and failed to act

8    to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d

9    1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

10        **C.  Verbal Threats**

11        An inmate's Eighth Amendment rights are violated by a prison official if that official

12   exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate

13   indifference" to that risk.  Farmer, 511 U.S. at 834.  However, the verbal exchange of offensive

14   insults between inmates and guards does not rise to the level of an Eighth Amendment violation.

15   See Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012); see also Keenan v. Hall, 83 F.3d

16   1083, 1092 (9th Cir. 1996) (citation omitted) (stating that "verbal harassment generally does not

17   violate the Eighth Amendment"), amended on other grounds by 135 F.3d 1318 (9th Cir. 1998);

18   Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (finding that a mere threat does not constitute a

19   constitutional wrong, nor do allegations that a naked threat that was for purpose of denying access

20   to courts compel a contrary result).

21        **D.  Access to Courts**

22        Plaintiff has a constitutional right of access to the courts and prison officials may not

23   actively interfere with his right to litigate.  Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir.

24   2011).  Prisoners also enjoy some degree of First Amendment rights in their legal

25   correspondence.  Bounds v. Smith, 430 U.S. 817, 824-25 (1977).  However, to state a viable

26   claim for relief, plaintiff must allege he suffered an actual injury, which is prejudice with respect

27   to contemplated or existing litigation, such as the inability to meet a filing deadline or present a

28   non-frivolous claim.  Lewis v. Casey, 518 U.S. 343, 349 (1996).

1

### E.  Mail Interference

2      Under the First Amendment, prisoners have a right to send and receive mail.  Witherow v.

3  Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, a prison may adopt regulations or

4  practices for inmate mail which limit a prisoner's First Amendment rights as long as the

5  regulations are "reasonably related to legitimate penological interests."  Turner v. Safley, 482

6  U.S. 78, 89, (1987).  "When a prison regulation affects outgoing mail as opposed to incoming

7  mail, there must be a 'closer fit between the regulation and the purpose it serves.'"  Witherow, 52

8  F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)).  Courts have also

9  afforded greater protection to legal mail than non-legal mail.  See Thornburgh, 490 U.S. at 413.

10  Isolated incidents of mail interference or tampering will not support a claim under section 1983

11  for violation of plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir.

12  2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940,

13  944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing

14  that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First

15  Amendment rights when it is not a content-based regulation).  Generally, such isolated incidents

16  must be accompanied by evidence of an improper motive on the part of prison officials or result

17  in interference with an inmate's right of access to the courts or counsel in order to rise to the level

18  of a constitutional violation.  See Smith, 899 F.2d at 944.

19

### IV.    Analysis

20      After conducting the required screening, the court finds that plaintiff sufficiently alleges

21  First Amendment retaliation claims against defendants K. Johnson, J. Davis, D. Clark, A. Gough,

22  B. Denbero, and A. Perez; an Eighth Amendment claim of deliberate indifference to plaintiff's

23  serious medical needs requiring medication against defendant K. Johnson; and an Eighth

24  Amendment challenge to the conditions of plaintiff's confinement against defendant K. Johnson.

25  However, for the reasons discussed below, plaintiff fails to state any other cognizable claims.

26  The complaint does not link defendant Houston to any of the asserted constitutional violations.

27  His position as a supervisor does not make him liable for the constitutional violations of his

28  subordinates.  See Iqbal, 556 U.S. at 677.  With respect to the allegations of mail tampering, it

does not appear to the court that plaintiff has stated a separate First Amendment claim other than that which is based on retaliation.  See Crofton v. Roe, 170 F.3d at 961.  The court further finds that the allegations in the complaint are not sufficient to state a First Amendment claim for denial of access to the courts against defendant Johnson because plaintiff does not allege any prejudice to a pending or contemplated court case.  See Lewis v. Casey, 518 U.S. 343, 349 (1996).  Plaintiff has been provided with the applicable legal standards for these claims and will be given an opportunity to file an amended complaint to attempt to cure the defects in his pleading.  Thus, plaintiff may choose to proceed on the claims found cognizable against defendants K. Johnson, J. Davis, D. Clark, Gough, Denbero, and Perez, or he may attempt to cure the defects in his pleading by filing a first amended complaint.

Plaintiff may elect to amend his complaint to attempt to cure the deficiencies identified in this screening order.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  If plaintiff chooses to proceed on the Fourth Amendment excessive force claim against defendant Ross found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a

1  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

2  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

3  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

4  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5         **V.**      **Plain Language Summary for Pro Se Party**

6       The following information is meant to explain this order in plain English and is not

7  intended as legal advice.

8       Some of the allegations in the complaint state claims for relief against the defendants, and

9  some do not.  You must decide if you want to (1) proceed immediately on the First Amendment

10  retaliation claims against defendants K. Johnson, J. Davis, D. Clark, A. Gough, B. Denbero, and

11  A. Perez; the Eighth Amendment deliberate indifference claim against defendant K. Johnson; and

12  the Eighth Amendment challenge to the conditions of confinement against defendant K. Johnson;

13  OR, 2) amend the complaint to fix the problems identified in this order with respect to the

14  remaining claims and defendants.  **Once you decide, you must complete the attached Notice of**

15  **Election form by checking only one box and returning it to the court.**

16       Once the court receives the Notice of Election, it will issue an order telling you what you

17  need to do next.  If you do not return this Notice, the court will order service of the complaint

18  only on the claims found cognizable in this screening order and will recommend dismissing the

19  remaining claims.

20       Accordingly, IT IS HEREBY ORDERED that:

21      1.  Plaintiff has the option to proceed immediately on the First Amendment retaliation

22         claims against defendants K. Johnson, J. Davis, D. Clark, A. Gough, B. Denbero, and

23         A. Perez; an Eighth Amendment deliberate indifference claim against defendant K.

24         Johnson; and an Eighth Amendment challenge to the conditions of confinement

25         against defendant K. Johnson.  In the alternative, plaintiff may choose to amend the

26         complaint to fix the deficiencies identified in this order with respect to the remaining

27         claims and defendants.

28      2.  Within 21 days from the date of this order, plaintiff shall complete and return the

attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

3.  If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated:  August 13, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cros0766.option.docx

8

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KAREEM J HOWELL,                         No.  2:21-cv-0997-CKD

12          Plaintiff,

13   v.                                       NOTICE OF ELECTION

14   K. JOHNSON, et al.,

15          Defendants.

16

17   **Check only one option:**

18   _____   Plaintiff wants to proceed immediately on the First Amendment retaliation claims against

19   defendants K. Johnson, J. Davis, D. Clark, A. Gough, B. Denbero, and A. Perez; the Eighth

20   Amendment deliberate indifference claim against defendant K. Johnson; and the Eighth

21   Amendment challenge to the conditions of confinement against defendant K. Johnson.  Plaintiff

22   voluntarily dismisses the remaining claims and defendants; **OR**

23   _____   Plaintiff wants time to file a first amended complaint.

24   DATED:

25

26

27                                           _____
                                             Plaintiff

28